IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) AMY DAVIS, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>(1) AMERICAN FAMILY LIFE )<br>ASSURANCE COMPANY OF )<br>COLUMBUS d/b/a AFLAC, )<br>)<br>  Defendant. ) | Case No.  16-CIV-554-HE |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:     August 3, 2016

Appearing for Plaintiff:    Simone G. Fulmer and Jacob L. Rowe

Appearing for Defendant:  Sean H. McKee and Jessica L. Johnson

**Jury Trial Demanded ✓  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.

    Plaintiff, Amy Davis ("Mrs. Davis") has sued Defendant American Family Life Assurance Company of Columbus d/b/a AFLAC ("AFLAC") for breach of contract and bad faith.  Defendant AFLAC denies Plaintiff's claims.

2. **JURISDICTION**.  Diversity jurisdiction pursuant to 42 U.S.C. § 1332.

3. **STIPULATED FACTS**.

    a. On, or about, June 18, 2015, Mrs. Davis applied for a Cancer Policy with AFLAC.
    b. Based upon information provided in the application, and application process, AFLAC issued Mrs. Davis a Cancer Policy, Policy No. P0J3C1W3, effective as of July 23, 2015.

4.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.  <u>Plaintiff</u>:   Plaintiff is seeking damages for AFLAC's bad faith conduct with regard to Mrs. Davis as provided in OUJI 22.4, including damages for mental pain and suffering.

    b.  <u>Defendant</u>:   AFLAC denies that it is in breach of contract. AFLAC has paid all benefits due to Mrs. Davis under the Cancer Policy. Further, AFLAC denies that it acted in bad faith in its dealings with Mrs. Davis.

5.  **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
    Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    ✓ Yes ☐ No

6.  **MOTIONS PENDING AND/OR ANTICIPATED**. Defendant AFLAC anticipates filing a Motion for Summary Judgment. The parties further anticipate Motions in Limine to be filed. All motions will be filed in accordance with this Court's Scheduling Order.

7.  **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes   ✓ No
    If "no," by what date will they be made? <u>August 3, 2016</u>

8.  **PLAN FOR DISCOVERY**.

    A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>July 8, 2016</u>.

    B.  The parties anticipate that discovery should be completed within <u>nine (9)</u> months.

    C.  In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>Seven (7) months</u>.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

✓ Yes ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

✓ Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties agree that if any documents or items that are protected by the work product doctrine, attorney client privilege, or any other privilege are inadvertently produced, the parties will immediately notify the opposing party, and destroy or return any such items.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

The parties anticipate the need for appropriate protective orders.

9. **ESTIMATED TRIAL TIME**: __3-4 days_____

10. **BIFURCATION REQUESTED**: ☐ Yes ✓ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good      ✓ Fair       ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  ✓ Yes    ☐ No

B. The parties request that this case be referred to the following ADR process:

{00388280}

       ☐ Court-Ordered Mediation subject to LCvR 16.3
       ✓ Judicial Settlement Conference
       ☐ Other _____
       ☐ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>?  ☐ Yes   ✓ No

14. <u>Type of Scheduling Order Requested</u>.  ✓ Standard  -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 25th day of July, 2016.

       /s/Simone Gosnell Fulmer_____
       Simone Gosnell Fulmer, OBA #17037
       Jacob L. Rowe, OBA #21797
       Harrison C. Lujan, OBA #30154
       FULMER GROUP, PLLC
       P.O. Box 2448
       1101 N. Broadway Ave., Suite 102
       Oklahoma City, OK  73101
       Phone/Fax:   (405) 510-0077
       sfulmer@fulmergrouplaw.com
       jrowe@fulmergrouplaw.com
       hlujan@fulmergrouplaw.com
       **ATTORNEYS FOR PLAINTIFF**

       /s/Jessica L. Johnson_____
       Sean H. McKee, OBA #14277
       smckee@bestsharp.com
       Jessica L. Johnson, OBA #31851
       jjohnson@bestsharp.com
       Best & Sharp
       Williams Center Tower I
       One West Third Street, Suite 900
       Tulsa, OK 74103
       Telephone: (918) 582-1234
       Facsimile:  (918) 585-9447
       **ATTORNEYS FOR DEFENDANT**