# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. Civ-16-554-HE ) |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS d/b/a AFLAC | ) ) ) ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

Upon review, the Court grants the parties' Joint Motion for Entry of Agreed Protective Order filed on August 24, 2016, and enters this Agreed Protective Order pursuant to Fed. R. Civ. P. 26(c) with regard to certain documents, records and information. For any document, record or information produced in this litigation that is subject to protection as noticed herein, the Court orders that the following terms apply:

1. Protected or confidential information includes information in which a party has asserted a trade secret or a proprietary interest privilege in the document, record or information, or where the document, record or information contains data or information involving the personal or privacy rights of individuals or third parties to this litigation, and/or for which the Court has ordered that a protective order shall be applicable.

2. The party initiating discovery is hereinafter called the "Requesting Party." The party who produces or submits documents or other written materials is hereinafter called the "Producing Party."

{00392029}

3. All protected documents, materials and/or information provided or produced by the Producing Party shall be held in strictest confidence by and between the parties, their attorneys, and any person(s) employed by the attorneys for the purposes of this litigation only, including expert witnesses.

4. The protected documents will be stamped and identified so as to indicate and show the fact that they are being produced or provided subject to a protective order in this lawsuit. Stamping or marking material as subject to this Agreed Protective Order shall constitute certification by the Producing Party that it reasonably believes good cause exists to designate the material as confidential pursuant to this Agreed Protective Order.

5. No copies are to be made of the protected documents, other than by counsel for Plaintiff and counsel for Defendant, and then only for the purpose of, and to be used in, this litigation.

6. Neither party is allowed to file copies of the protected documents with the Court, independently or as an attachment to any motion, brief, pleading or other document unless filed separately from any such document under seal and clearly marked "CONFIDENTIAL DOCUMENT - SUBJECT TO AGREED PROTECTIVE ORDER." Portions of the deposition testimony that the producing party deems to be subject to this Agreed Protective Order shall be made subject to this Agreed Protective Order by a statement on the record at the deposition, or in writing to all counsel of record within twenty (20) days after receipt of the transcript, specifying the page and line of the deposition the party deems to be subject to this Protective Order.

7. Only the parties to this cause, their attorneys, and any person(s) employed by their attorney for the purposes of this litigation, including expert witnesses, shall be allowed to review the protected documents, materials, and information produced or provided by the Producing Party.

8. Any individual to whom the non-producing party provides any protected document subject to this Agreed Protective Order shall first be given this Order to read and will be admonished and agree not to disseminate, divulge, or discuss the protected information, documents, or materials provided or produced to anyone who is not allowed to review the protected documents, materials, and information under the terms of this Agreed Protective Order. Each such individual is subject to the terms and sanctions of this Agreed Protective Order for failure to comply with the same.

9. Any protected materials, documents, or information provided or produced by the Producing Party shall be kept in a secure and/or protected area such that they are not amenable to being seen or read by anyone other than the parties to this litigation, their attorneys, and any person(s) employed by their attorneys for the purposes of this litigation, including expert witnesses.

10. Any violation of this Agreed Protective Order may be subject to a finding of contempt of court, and may be punishable by an appropriate monetary sanction or by such other sanctions as the Court considers appropriate.

11. Any party may contest the designation of any document or information as protected pursuant to this Agreed Protective Order. Such party shall provide to the Producing Party written notice of its disagreement with the designation. The Producing

Party shall respond, in writing, within fifteen (15) days, by stating whether it agrees or disagrees that designation should be removed. The parties shall attempt to dispose of such dispute in good faith on an informal basis. If the parties are unable to reach an agreement, the Producing Party shall have twenty (20) days after impasse to seek relief from the Court. If the Producing Party fails to seek relief within the time prescribed, the document or deposition shall no longer be subject to this Agreed Protective Order.

12. The fact a document (or portion thereof) or deposition (or portion thereof) has been designated as "Confidential" or "Subject to Agreed Protective Order" shall not create a presumption that it does, in fact, contain "confidential information" that is entitled to protection by this Agreed Protective Order. The burden of establishing that a document (or portion thereof) or deposition (or portion thereof) contains "confidential information" that is entitled to the protection of this Protective Order shall remain on the party making the designation. Further, a party's agreement to this Agreed Protective Order does not prejudice the party's right to move the Court to vacate the Agreed Protective Order, in whole or in part, for good cause.

13. Within sixty (60) business days after the final resolution of this litigation, all Confidential Information shall be returned to counsel for the party or non-party that produced it or it shall be destroyed. As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Agreed Protective Order, so long as it is clearly marked to reflect that it contains information subject to this Agreed Protective

Order. Such materials may not be used in connection with any other proceeding or action. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Agreed Protective Order and may not be used in connection with any other proceeding or action.

ENTERED THIS 24Th day of August, 2016.

_____
Honorable Joe Heaton
Chief Judge of the District Court